**WO**                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Ernie Pete Ortega,                              )    No. CV 10-2185-PHX-MHM (MHB)
                                                )
        Petitioner,                  )    **ORDER**
                                                )
vs.                                             )
                                                )
Charles Ryan, et al.,                           )
                                                )
        Respondents.                 )
_____                 )

In an October 22, 2010 Order, the Court dismissed without prejudice Petitioner Ernie Pete Ortega's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and gave him 30 days to file an amended petition.  On November 2, 2010, Petitioner filed a "Request for Enlargement of 60 days."  In a November 5, 2010 Order, the Court partially granted Petitioner's Request; the Court granted Petitioner an additional 45 days to comply with the Court's October 22nd Order.

On December 16, 2010, Petitioner filed a "Request for 45 Day Time Extension" (Doc. 9) to comply with the Court's October 22nd Order.  On December 21, 2010, Petitioner filed a First Amended § 2254 Petition (Doc. 10).

The Court, in its discretion, will grant the "Request for 45 Day Time Extension" and, therefore, will consider Petitioner's First Amended § 2254 Petition to be timely filed. However, the Court will dismiss as premature the First Amended § 2254 Petition and this action.

**I.      First Amended § 2254 Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2005-006551-002 DT, of one count of inciting/participating in a riot and one count of aggravated assault.  He was sentenced to concurrent terms of imprisonment, the longest of which was twelve years.  In his First Amended § 2254 Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises four grounds for relief in his First Amended § 2254 Petition.  He also alleges that he has a "request for review of denial of jurisdiction" pending in the Arizona Court of Appeals.

**II.     Discussion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan, 526 U.S. at 842.  The failure to exhaust subjects the Petition to dismissal.  See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding).  The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  Sherwood, 716 F.3d at 634.  The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings.  Id.

In light of Petitioner's pending petition for review, the First Amended § 2254 Petition is premature and must be dismissed.  See id.; Schnepp.  The Court will dismiss the case without prejudice.

. . . .

**IT IS ORDERED:**

(1)    Petitioner's Request for 45 Day Time Extension (Doc. 9) is **granted**.

(2)    Petitioner's First Amended § 2254 Petitioner (Doc. 10) and this case are **dismissed without prejudice**.

(3)    The Clerk of Court must enter judgment accordingly and close this case.

(4)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 5th day of January, 2011.

Mary H. Murguia
United States District Judge

- 3 -